Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSE ANGEL MUNIVE and RUBICEL GUZMAN
TOLENTINO, individually and on behalf of all others similarly
situated,

                          Plaintiffs,

          -against-

KMP RESTAURANT CORP. d/b/a LOUKOUMI
RESTAURANT, and COSTAS AVLONITIS, as an individual,

                          Defendants.

-------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiffs, **JOSE ANGEL MUNIVE and RUBICEL GUZMAN TOLENTINO,
   individually and on behalf of all others similarly situated**, (hereinafter referred to as
   "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon
   personal knowledge as to themselves and upon information and belief as to other
   matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **JOSE ANGEL MUNIVE and RUBICEL GUZMAN TOLENTINO,
   individually and on behalf of all others similarly situated**, through undersigned
   counsel, bring this action against **KMP RESTAURANT CORP. d/b/a LOUKOUMI
   RESTAURANT., and COSTAS AVLONITIS, as an individual**, (hereinafter
   referred to as "Defendants"), to recover damages for egregious violations of state and
   federal wage and hour laws arising out of Plaintiffs' employment at KMP
   RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT., located at 45-07
   Ditmars Boulevard, Astoria, New York, 11105.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, JOSE ANGEL MUNIVE, residing at 30-16 41st Street, Astoria, New York 11103, was employed by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, from in or around August 2019 until in or around December 2019.

9. Plaintiff, RUBICEL GUZMAN TOLENTINO, residing at 25-76 Steinway Street, Astoria, New York 11103, was employed by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, from in or around October 2007 until in or around January 2020.

10. Upon information and belief, Defendant, KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, is a corporation organized under the laws of New York with a principal executive office at 45-07 Ditmars Boulevard, Astoria, New York 11105.

11. Upon information and belief, Defendant, KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant, COSTAS AVLONITIS, owns and operates KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT.

13. Upon information and belief, Defendant, COSTAS AVLONITIS, is an agent of KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT.

14. Upon information and belief, Defendant, COSTAS AVLONITIS, has power over personnel decisions at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT.

15. Upon information and belief, Defendant, COSTAS AVLONITIS, has power over payroll decisions at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT.

16. Defendant, COSTAS AVLONITIS, has the power to hire and fire employees, including Plaintiffs, at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records.

17. Defendant COSTAS AVLONITIS was responsible for supervising Plaintiffs and directing Plaintiffs on what tasks to perform.

18. During all relevant times herein, Defendant, COSTAS AVLONITIS, was Plaintiffs' employer within the meaning of the FLSA and NYLL.

19. On information and belief, KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff, JOSE ANGEL MUNIVE, was employed by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, from in or around August 2019 until in or around December 2019.

21. During Plaintiff, JOSE ANGEL MUNIVE'S employment by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, Plaintiff's primary duties were as a food preparer, while performing other miscellaneous duties from in or around August 2019 until in or around December 2019.

22. Plaintiff, JOSE ANGEL MUNIVE, was paid by Defendants approximately $550.00 per week from in or around August 2019 until in or around December 2019.

23. Plaintiff, JOSE ANGEL MUNIVE, worked approximately sixty-six (66) hours from August 2019 to December 2019 per week at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT.

24. Although Plaintiff, JOSE ANGEL MUNIVE, worked approximately sixty-six (66) or more per week during his employment by Defendants from in or around August 2019 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Plaintiff, RUBICEL GUZMAN TOLENTINO, was employed by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, from in or around October 2007 until in or around January 2020.

26. During Plaintiff, RUBICEL GUZMAN TOLENTINO'S employment by Defendants at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, Plaintiff's primary duties were as a cook and grill worker, while performing other miscellaneous duties from in or around October 2007 until in or around January 2020.

27. Plaintiff, RUBICEL GUZMAN TOLENTINO, was paid by Defendants approximately $350.00 per week from in or around July 2014 until in or around December 2016, approximately $480.00 per week from in or around January 2017 until in or around January 2020.

28. Defendants failed to pay Plaintiff, RUBICEL GUZMAN TOLENTINO, the legally prescribed minimum wage for his hours worked from in or around January 2016 until

in or around December 2016, and from in or around January 2018 until in or around January 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

29. Plaintiff, RUBICEL GUZMAN TOLENTINO, worked approximately sixty-four (64) hours per week at KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, from in or around July 2014 until in or around January 2020.

30. Although Plaintiff, RUBICEL GUZMAN TOLENTINO, worked approximately sixty-four (64) or more per week during his employment by Defendants from in or around July 2014 until in or around January 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

32. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

33. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

35. Collective Class: All persons who are or have been employed by the Defendants as cook, grill person or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

36. Upon information and belief, Defendants employed approximately 15 to 25 employees within the relevant time period who were subjected to similar payment structures.

37. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

39. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

40. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

42. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

43. The claims of Plaintiff are typical of the claims of the putative class.

44. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

46. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

47. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

48. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

51. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

52. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

53. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

54. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

55. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to

which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

56. Due to Defendants' New York Labor Law violations, Plaintiffs were entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

59. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

62. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

64. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

66. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

67. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

68. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

69. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

72. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

75. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 8th day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601

10

Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE ANGEL MUNIVE and RUBICEL GUZMAN TOLENTINO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT, and COSTAS AVLONITIS, as an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**KMP RESTAURANT CORP. d/b/a LOUKOUMI RESTAURANT**
**45-07 DITMARS BOULEVARD**
**ASTORIA, NEW YORK 11103**

**COSTAS AVLONITIS**
**25-21 71ST STREET**
**ASTORIA, NY 11102**

**COSTAS AVLONITIS**
**45-07 DITMARS BOULEVARD**
**ASTORIA, NEW YORK 11103**

**COSTAS AVLONITIS**
**31-30 41ST STREET**
**ASTORIA, NEW YORK 11103**