

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

June 30, 2021

**Via ECF**
The Honorable Judge Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Munive, et al. v. KMP Restaurant Corp., et al.**
     **20-CV-3028 (RER)**

Dear Judge Reyes:

Our office represents Jose Angel Munive ("Munive") and Rubicel Guzman Tolentino ("Tolentino") (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for KMP Restaurant Corp. d/b/a Loukoumi Restaurant and Costas Avlonitis (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached during the parties' continued settlement negotiations following a court-annexed mediation on October 26, 2020.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.     The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   **a.   The Settlement Amount**

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, for the amount of $70,000.00 in one payment within 7 days of receiving Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs were employed as food preparers, cooks, and kitchen workers at Defendants' restaurant located at 45-07 Ditmars Boulevard, Astoria, New York 11105. In general, Plaintiffs alleged that, as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Within the relevant statutory period, Plaintiff Tolentino was employed from in or around March 2014 until in or around January 2020 and Plaintiff Munive was employed from in or around August 2019 until in or around December 2019. Plaintiffs alleged that they were regularly required to work approximately sixty-four (64) to sixty-six (66) hours per week but were paid flat weekly salaries that did not properly compensate them for approximately twenty-four (24) to twenty-six (26) hours of overtime per week. Plaintiffs alleged that they were non-overtime-exempt employees under the FLSA and NYLL and therefore should have been paid an hourly rate for all hours worked, including time-and-a-half for hours worked in excess of forty (40) per week.

Lastly, Plaintiffs alleged that they entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Although Plaintiffs claimed unpaid wages in excess of $100,000.00, Plaintiffs recognized the risks of continued litigation and accepted a settlement that allowed each Plaintiff to recover a substantial sum of his alleged unpaid wages. The parties had factual disputes as to the dates of each Plaintiff's employment, the hours worked by each Plaintiff, and how much each Plaintiff was paid and whether each Plaintiff was paid hourly or weekly. That these factual disputes would not be resolved until the time of trial at a much later date in the future favored Plaintiffs' decision to reach an early resolution of this matter and receive a guaranteed lump sum payment in the near future.

More importantly, Plaintiffs conducted a thorough investigation into Defendants' assets and financial abilities which raised concerns that even if they were to obtain a larger judgment at the time of trial, they may not have been able to recover the full amount of said judgment. Plaintiffs also had concerns about the viability of the business, given the impact that the Covid-19 pandemic has had on the hospitality industry.

### c. Defendants' Position

Defendants' position is that Plaintiffs were properly paid for all hours worked and Defendants maintained accurate records as to Plaintiffs' time worked and pay received. Defendants' position is that they committed no wrongdoing and Plaintiffs were not owed any unpaid wages. Defendants would have produced witness and documentary testimony that Plaintiffs worked far fewer hours than alleged in the Complaint and were paid amounts in excess of what is required under the applicable law. Defendants believe that they would have prevailed at trial but agreed to resolve this matter only to avoid incurring additional costs in litigation.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $70,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the factual disputes that remained. Moreover, the settlement amount was only achieved after a court-annexed mediation before a qualified and experienced neutral and continued settlement negotiations thereafter. The parties had genuine, bona fide disputes over the hours worked by Plaintiffs and the pay received by Plaintiffs but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

### II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. <u>Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses</u>

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $70,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $46,115.00. Each Plaintiff will receive an amount based on his calculation of damages, which accounts for the alleged length of his employment, the alleged hours that he worked, and the alleged pay that he received (or did not receive). These amounts are included in Paragraph 1 of the Settlement Agreement.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $828.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $128.00
- the cost of the Eastern District of New York mediation program: $300.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($69,172), or $23,057.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $23,885.00.

**Settlement Amount:** $70,000.00
**Attorneys' Expenses:** $828.00
**Settlement less Expenses:** $69,172.00
**Requested Attorneys' Fees:** $23,057.00 ($70,000.00 / 3)
**Total payable to Attorneys:** $23,885.00 ($23,057.00 + $828.00)
**Total payable to Plaintiffs:** $46,115.00 ($70,000.00 - $23,885.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

## IV. <u>Closing</u>

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of an agreed-upon wage-and-hour mediator selected through the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.